UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

KENNETH J. PHELAN, 09-A-1183

                                 Plaintiff,

    -vs-                                                 10-CV-6344-CJS

DR. CHIN, et al.,                                   DECISION and ORDER

                                 Defendant.

———————————————————————

INTRODUCTION

This §1983 Prisoner Civil Rights action is before the Court on Defendant Karen Bellamy's motion to vacate Clerk's entry of default against her. For the reasons stated below, the application is granted.

FACTUAL BACKGROUND

Plaintiff, formerly an inmate at the Collins Correctional Facility ("Collins"), maintains that Defendants were deliberately indifferent to his serious medical needs. Plaintiff alleges that he suffers from migraine headaches and sinus problems, and that the medical staff at Collins refused to provide him with medication on several occasions. Plaintiff filed several inmate grievances concerning the alleged lack of medical care, which were denied.

Bellamy is the Director of the Inmate Grievance Programs at the Department of Corrections and Community Supervision ("DOCCS") in Albany, New York. In that capacity, Bellamy affirmed the denial of Plaintiff's grievances. Plaintiff's medical records, and Bellamy's responses to Plaintiff's grievances, are not presently before the Court. However, it appears that Bellamy relied on the medical judgment of Dr. Chin, a doctor at Collins, in denying Plaintiff's grievances. Plaintiff alleges, in his ninth, tenth, and eleventh

causes of action, that Bellamy was deliberately indifferent to his medical needs by denying his grievances. Pl.'s Comp. 12-13.

On August 31, 2010, Plaintiff served Bellamy with a summons and complaint. Bellamy's answer was due on September 21, 2010. Bellamy missed that deadline, and her attorney now offers several reasons for that mistake. Specifically, after the U.S. Marshal served the summonses and complaints by mail pursuant to New York CPLR § 312-a, and pursuant to the policy of the Rochester Office of the Attorney General, six of the defendants sent their acknowledgements of service directly to the Attorney General's office, rather than returning them to the U.S. Marshal. Bellamy, on the other hand, returned her acknowledgment directly to the Marshal, in accordance with the statute. In addition, at this same time, the file was transferred from the Attorney General's Rochester office to his Mineola office. Immediately upon receiving the file, the Assistant Attorney General in Mineola filed a Notice of Appearance on behalf of six of the defendants, but not Bellamy, because he apparently was not aware that she had been served. Consequently, on September 29, 2010, the Clerk of the Court granted Plaintiff's request for entry of default against Bellamy.

Six days later, on October 5, 2010, Bellamy filed the subject motion to vacate the Clerk's entry of default. In support of her application, Bellamy argues: (1) that the she did not intentionally default; (2) that she has a meritorious defense; and (3) that Plaintiff would not be prejudiced by granting the motion.

DISCUSSION

It is well settled that, following an entry of default, the defaulting party may move to set aside the entry for "good cause." Fed.R.Civ.P. 55(c). Because the rules do not themselves define "good cause," the Second Circuit has established three factors for determining whether to relieve a party from default, or from a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). Other factors may also be considered, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id*. District courts have discretion in evaluating these factors, but defaults are generally disfavored and doubts should be resolved in favor of a trial on the merits. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981). Moreover, courts should impose a less stringent standard upon the defaulting party when it seeks to vacate an entry of default rather than a default judgment. *Id*. at 276.

As for the first of these factors, "[t]he Second Circuit has held that a finding of willfulness is properly based on egregious or deliberate conduct. *Dengal v. Dearden*, 06-CV-6279, 2007 WL 475317 (W.D.N.Y. Feb. 9, 2007) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). There is nothing egregious or deliberate about Bellamy's conduct. Therefore, the Court finds that the default was not willful for the reasons discussed above. Moreover, Bellamy "acted expeditiously to correct the default." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003);

*see also Robinson v. Allstate*, 07-CV-6431L, 2008 WL 2705363 (W.D.N.Y. June 30, 2008) (Finding no prejudice to the plaintiff due to the defendant's prompt appearance). In that regard, only six days elapsed between the entry of default and the motion to vacate

As for the second factor, the Court finds that Bellamy likely has a meritorious defense. Specifically, Bellamy maintains that Plaintiff's claims lack merit, since it is well settled that a mere disagreement over a treatment plan does not amount to a constitutional claim of deliberate indifference to a serious medical need.  Moreover, as a layperson, Bellamy would be entitled to rely on the opinions of the medical staff at Collins. *See, Williams v. Cearlock*, 993 F. Supp. 1192, 1197 (C.D.Ill.1998) ("Prison administrators, having no medical expertise, must rely on health care professionals to assess the needs of prisoners and initiate treatment."); *see also, Gonzalez v. Sarreck*, No. 08 Civ. 3661, 2011 WL 5051341 at *14 (S.D.N.Y. Oct. 24, 2011) ("With respect to Defendants Eagen and Bellamy, it must be noted that administrators are permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been personally involved if they do so.  Non-medical Defendants, such as Eagen and Bellamy, may not be held liable on a deliberate indifference claim unless a plaintiff can show that such a non-medical Defendant should have challenged a doctor's diagnosis.") (citations and internal quotation marks omitted).

As for the third and final factor, the Court finds that vacating entry of default would not prejudice Plaintiff.  As Bellamy points out, Plaintiff will not be prejudiced because she promptly moved to vacate entry of default. Only six days elapsed from the entry of

default until the time that Bellamy filed her motion to vacate entry of default. On the other hand, Bellamy would be greatly prejudiced if her application was denied.

Weighing all of the relevant factors, the Court finds that the default entered against Bellamy must be vacated.

## CONCLUSION

Bellamy's motion (Docket No. 12) to vacate the Clerk's entry of default is granted.

IT IS SO ORDERED.

Dated: August 17, 2012
      Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge